IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY LEE BUGG, JR., | : | Civil No. 1:18-CV-02399 |
| Plaintiff, | : | |
| v. | : | |
| JUST WING IT, LLC, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court in this civil rights case is an unopposed motion for award of costs and attorneys' fees filed by Plaintiff, Ricky Lee Bugg Jr. ("Bugg"). (Doc. 19.) Bugg files the motion under Fed. R. Civ. P. 54(d), after the court entered default judgment against Defendant, Just Wing It, LLC. (Doc. 18.) Because Bugg satisfies his burden and Just Wing It has not opposed the motion or otherwise contested the reasonableness of the requested fees and costs, the court will grant the motion in full.

### BACKGROUND

Bugg filed a complaint on December 19, 2018. (Doc. 1.) In the complaint, Bugg alleged that the owner of Just Wing It, a restaurant in Annville, Pennsylvania, unlawfully discriminated against him based on his race in an incident that occurred on January 22, 2017. (*Id.*) Accordingly, Bugg pursued claims under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951–

963 (Count I); 42 U.S.C. § 1981 (Count II); and 42 U.S.C. § 2000a (Count III). (*Id.*)  For relief, Bugg requested injunctive and declaratory relief, as well as compensatory damages, attorneys' fees, and costs.  (*Id.*)

On January 8, 2019, Bugg filed a proof of service, indicating that Just Wing It was properly served with the summons and complaint on January 2, 2019.  (Doc. 4.)  Because Just Wing It did not enter an appearance, or timely respond to the complaint, Bugg requested an order for entry of default.  (Doc. 5.)  On March 14, 2019, the Clerk of Court entered such order.  (Doc. 6.)

Bugg subsequently filed a motion for entry of default judgment and requested an evidentiary hearing to determine damages because damages were not for a "sum certain."  (Doc. 8.)  Along with the motion, Bugg filed a brief in support.  (Doc. 9.)  Just Wing It did not respond to Bugg's motion.

On January 24, 2020, pursuant to court order, Doc. 10, the court held an evidentiary hearing.  Just Wing It did not appear.  At the hearing, Bugg waived his right to a jury trial and presented evidence.  In his closing argument, Bugg's counsel asked the court to award compensatory and punitive damages, in addition to attorneys' fees after the filing of an application.  (*See* Doc. 12.)  Because the complaint did not include a request for punitive damages, the court permitted Bugg to file an amended complaint to include a claim for punitive damages and to also submit supplemental authority on the amount of damages to be awarded.  (*Id.*)

Consistent with the court's order, Bugg filed an amended complaint on January 27, 2020. (Doc. 13.) The pleading included a request for punitive damages in Count II, which alleged a violation of 42 U.S.C. § 1981. (Doc. 13, p. 7.)[1]

On April 6, 2020, the court granted Bugg's motion for default judgment and entered judgment against Just Wing It in the amount of $40,000. The judgment award consists of $20,000 in compensatory damages and $20,000 in punitive damages. (Docs. 16, 17.) The court, moreover, gave Bugg leave to file a motion for attorneys' fees and costs. The instant motion and supporting brief were filed on April 20, 2020. (Docs. 19, 20.) To date, Just Wing It has not responded to or otherwise opposed Bugg's motion. The motion is ripe for review.

## DISCUSSION

### A.     The Court Will Award The Requested Attorney's Fees.

Federal Rule of Civil Procedure 54(d) requires a request for attorney's fees to be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). In the motion, the moving party must, among other things, "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought." Fed. R. Civ. P. 54(d)(2)(B)(ii), (iii). In this case, Bugg specifies that he

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

is entitled to an award of attorney's fees under 42 U.S.C. § 1988(b), in the amount of $72,552.50.  (Doc. 19.)

Section 1988(b) of Title 42 authorizes an award of *reasonable* attorney's fees to the *prevailing party* in an action under 42 U.S.C. § 1981.  A party is generally considered the "prevailing party" "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted).  Here, default judgment was entered in Bugg's favor on all counts in the complaint, including Count II, which involved a claim under 42 U.S.C. § 1981.  (Doc. 17.)  Accordingly, Bugg qualifies as a prevailing party under 42 U.S.C. § 1988(b).  *See Thompson v. Cent. Sec. Agency, Inc.*, No. 98–2474, 1999 WL 257660 (E.D. Pa. April 29, 1999) (awarding attorney's fees following an entry of default judgment in Title VII action).  But that is only one part of the analysis.  The reasonableness of the requested fees must also be determined.

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  This method of calculating attorney's fees is frequently called the "lodestar" method.  *See Angino v. Transunion, LLC*, No. 17-0954, 2019 WL 8161110, at *2 (M.D. Pa. Nov. 25, 2019).  The lodestar method consists of a

burden shifting framework in which "[t]he party seeking attorney's fees has the [initial] burden to prove that its request for attorney's fees is reasonable." *Rayna P. v. Campus Cmty. Sch.*, 390 F. Supp. 3d 556, 561 (D. Del. 2019). "To meet its burden, the fee petitioner must submit evidence supporting the hours worked and rates claimed." *Id.* (citation and quotation marks omitted). Once the fee petitioner satisfies their burden, the presumption is that the lodestar is the reasonable fee. *Id.*

At that point, the party seeking an adjustment to the requested amount, has the burden of proving that an adjustment is necessary. *Id.* To do so, "the party opposing the fee award [must come forward with] affidavit[s] or [a] brief with sufficient specificity to give fee [petitioner]s notice [they are opposing] the reasonableness of the requested fee." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Only when the party opposing a fee award has met this burden can a court consider whether to exercise its discretion and adjust the requested amount of fees. Indeed, while the district court has "a positive and affirmative function in the fee fixing process," it "may not reduce an award *sua sponte*; rather it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Intern. Inc.*, 426 F.3d 694, 711–713 (3d Cir. 2005); *see also Cunningham v. City of McKeepsort*, 753 F.2d 262, 267 (3d. Cir 1985) (holding that a district court may not reduce the number of hours claimed by an attorney if the

adverse party has declined to raise an issue of fact as to the accuracy of the hours claimed); *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989) (explaining that "because statutory fee litigation is adversarial litigation, there is no need to allow the district court to reduce a fee award on its own initiative."). Therefore, where "the party opposing the fee award does not meet its burden, the court must award the attorneys' fees at the requested rate." *Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 564 (D.N.J. 2013).

Applying this review process, the court concludes that Bugg has met his initial burden. The requested rates, in comparison to the Community Legal Services of Philadelphia ("CLS") hourly rates, are reasonable based on the years of experience of the attorneys and paralegals who worked on this case. Other courts in this district have previously used the CLS rates as a guide to reasonableness, and the court will do so here. *Angino*, 2019 WL 8161110, at *3; *Lightstyles, Ltd. v. Marvin Lumber & Cedar Co.*, No. 13-CV-1510, 2015 WL 4078826, at *4 (M.D. Pa. July 6, 2015); *See* Community Legal Services of Phila., https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited July 16, 2020). Additionally, Bugg provided a detailed log of the hours spent on various activities performed in litigating this case, which substantiates the total hours claimed in this case. (Doc. 20-1.)

At this juncture, the burden shifts to Just Wing It. However, Just Wing It has never entered an appearance, or lodged objections or challenges to Bugg's attorneys' fees request. Thus, while there could be room for objections in this case[2], the court is bound by Third Circuit precedent, that precludes the court from making any *sua sponte* adjustments. *Interfaith*, 426 F.3d at 711. Because the requested award is presumptively reasonable, the court will award Bugg with the full amount of requested fees.

### B. The Court Will Also Award The Requested Costs.

In addition to setting forth requirements for a party who seeks an award of attorney's fees, Federal Rule of Civil Procedure 54(d) authorizes costs to a "prevailing party" unless "a statute, [the Federal Rules] or a court order provides otherwise[.]" Fed. R. Civ. P. 54(d)(1). Here, Bugg, who is not precluded by rule, order, or statute, seeks to recover $885.60 in costs, pursuant to 28 U.S.C. § 1920. (Doc. 20, p. 7.)

Section 1920 provides in relevant part that "[a] judge or clerk of any court of the United States may tax as costs the following . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . [f]ees and disbursements for printing and witnesses . . . [d]ocket fees

---

[2] For instance, Just Wing It could have objected to the hours that Bugg's counsel spent on possible litigation in other courts, the amount of time Bugg's counsel spent on research, or why 300 hours was spent on a case that apparently was never contested.

under section 1923 of this title." 28 U.S.C. § 1920. The Third Circuit has held that section 1920 creates a "strong presumption" that costs should be awarded to a prevailing party and that denying costs is "typically a penalty for 'needlessly bringing or prolonging litigation.'" *Carroll v. Clifford Twp.*, 625 F. App'x 43, 47 (3d Cir. 2015) (quoting *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985)).

In his motion, Bugg requests the recovery of costs related to service, filing fees, and discovery. (Doc. 19-1, p. 8.) These costs fall within the enumerated categories of costs in section 1920 and there is no reason to deny costs in this case. Since Bugg requests less in costs than the actual costs shown by his documentation and there are no objections to the reasonableness of his requested costs, the court will grant him the requested costs of $885.60.

## Conclusion

For these reasons, the court will grant Bugg's motion for costs and attorneys' fees. (Doc. 19.) The court will also direct the Clerk of Court to enter an award of $72,552.50 in attorney's fees and $855.60 in costs against Just Wing It. An appropriate order will issue.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: August 4, 2020